UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT STIRLING,

                Plaintiff,

-v-

OLLIE'S BARGAIN OUTLET
HOLDINGS, INC. et al.,

                Defendants.

19-CV-8647 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Presently before the Court are competing motions for appointment as lead plaintiff in a putative securities class action proceeding. For the reasons set forth below, the Court appoints both Bernard L. Maloney, III and Nathan Severe as lead plaintiffs. The Court appoints Bernstein Liebhard LLP and Hagens Berman Sobol Shapiro LLP as lead counsel.

**I.    Background**

This action was commenced on September 17, 2019, with the filing of a securities class action complaint against Ollie's Bargain Outlet Holdings, Inc., as well as several of its officers and directors. (Dkt. No. 1.) That same day, in accordance with the requirements of the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u-4, Plaintiff caused to be published a notice in *Business Wire* advising putative class members of the pendency of this action. (Dkt. No. 13-3.)

In response, six timely motions for appointment as lead plaintiff were filed. (Dkt. Nos. 11, 14, 17, 19, 23, 26.) On December 2, 2019, however, movants Bruce Elder and Jinjin Chai withdrew their motions, (Dkt. Nos. 30, 33), leaving only the motions of Daniel Riordan, Ronald Jackson, Bernard L. Maloney, III, and Nathan Severe. That same day, all six original movants

1

filed a joint stipulation proposing that only movants Maloney and Severe be appointed lead plaintiffs. (Dkt. No. 32.)

**II.    Discussion**

Under the PSLRA, the Court is to appoint as lead plaintiff the member or members of the putative class that is or are the "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes a presumption that the "most adequate plaintiff" is the "person or group of persons" that (1) "has either filed the complaint or made a motion in response to a notice," (2) "in the determination of the court, has the largest financial interest in the relief sought by the class," and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc).

Here, there are only two movants still vying for lead plaintiff status. Accordingly, the Court determines that Maloney and Severe are the "group of persons" that both have "made a motion in response to [the PSLRA] notice" and that have "the largest financial interest in the relief sought by the class."

As for Rule 23, at this stage of litigation "a moving plaintiff [need make] only . . . a preliminary showing that the adequacy and typicality requirements have been met." *Freudenberg v. E*Trade Fin. Corp.*, No. 7-CV-8538, 2008 WL 2876373, at *5 (S.D.N.Y. July 16, 2008). Typicality is met if the plaintiff's claims "arise . . . from the same course of events" as other class members'. *In re Drexel Burnham Lamber Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). Here, both Maloney and Severe seek recovery for the decline in the price of Ollie's securities, which is the same recovery sought by all class members. Thus, Maloney and Severe's claims are typical. Next, adequacy is met if "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest

in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y.2011). Here, Maloney and Severe's significant financial losses provide adequate incentive to vigorously represent the class claims. Nor is there any evidence of conflict between their interests and the interests of the class. And plaintiffs' choices of class counsel — Hagens Berman Sobol Shapiro LLP and Bernstein Liebhard LLP — are both qualified and experienced. Adequacy is therefore met.

As for lead counsel, "[t]he PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F.Supp.2d 388, 398 (S.D.N.Y. 2008) (quoting *In re Adelphia Commc'ns Corp. v. Sec. & Derivative Litig.*, No. 3-MDL-1529, 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008)). Maloney has chosen Hagens Berman, and Severe has chosen Bernstein Liebhard. Accordingly, the Court approves both selections as lead counsel.

## III. Conclusion

The motions of movant Bernard L. Maloney, III and movant Nathan Severe to be appointed lead plaintiff and to have their choice of counsel approved are GRANTED. The motions of movants Daniel Riordan, Bruce Elder, Jinjin Chai, and Ronald Jackson to be appointed lead plaintiff are DENIED.

The Clerk of Court is directed to close the motions at Docket Numbers 11, 14, 17, 19, 23, and 26.

SO ORDERED.

Dated: December 5, 2019
New York, New York

J. PAUL OETKEN
United States District Judge